UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Lehigh Coal and Navigation Company, | : | Case No. 08-51957-JJT |
| | : | |
| Debtor(s). | : | |

## APPLICATION OF DEBTOR LEHIGH COAL AND NAVIGATION COMPANY, PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE, AUTHORIZING THE EMPLOYMENT OF SSG CAPITAL ADVISORS, LLC AS INVESTMENT BANKERS IN CONNECTION WITH SALE OF DEBTOR'S ASSETS

Lehigh Coal and Navigation Company (the "Debtor"), by and through its undersigned counsel, submits this Application (the "Application") for an Order pursuant to Sections 327(a) and 328(a) of Title 11 of the United States Code (the "Bankruptcy Code") approving the employment of SSG Capital Advisors, Inc. ("SSG") as exclusive investment bankers of the Debtor in connection with a potential sale of the Debtor's assets. In support of this Application, the Debtor respectfully represents as follows:

1. An involuntary petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") was filed against the Debtor on July 15, 2008.

2. The Debtor consented to the entry of an order for relief. The Order for Relief was entered by the Court on August 28, 2008.

3. The Debtor is a corporation organized under the laws of the Commonwealth of Pennsylvania.

4. The Debtor is engaged in the operation of an anthracite coal mine and has a principal place of business in Schuylkill County, Pennsylvania. The Debtor has holdings of more than 8,000 acres located in Schuylkill and Carbon counties. The Debtor currently employs approximately 110 employees in carrying out its anthracite mining operations.

851659_1

5. The Debtor has determined that it would like to retain SSG pursuant to 11 U.S.C. §§ 327(a) and 328(a) as exclusive investment bankers for the Debtor for purposes of a potential sale of the Debtor's assets. Specifically, the Debtor seeks to retain SSG to assist in the sale process proposed by the Cash Collateral Agreement reached with various parties-in-interest on February 3, 2010, as documented in the Court's Order dated February 18, 2010.

6. Accordingly, the Debtor respectfully requests the entry of an order, pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, authorizing the Debtor to employ and retain SSG as its investment bankers.

7. The Debtor proposes to retain SSG in accordance with the engagement agreement attached hereto as Exhibit A (the "Engagement Agreement").

8. The Debtor seeks to retain SSG because of the firm's experience and position as a leading boutique that specializes in middle market special situations investment banking. In particular, the Debtor seeks to retain SSG because of the experience of J. Scott Victor, a founding partner and Managing Director of SSG. Mr. Victor has over 25 years' experience in representing companies in Chapter 11 proceedings, workouts and restructuring and is an expert in the restructuring, refinancing and sale of distressed middle-market companies and has completed over 150 special situation investment banking assignments since 2000, many of them before Bankruptcy Courts in the Third Circuit. Mr. Victor has significant experience providing investment banking services that focus on the sale, turnaround financing and restructuring of middle-market companies facing operational and financial challenges. Mr. Victor is also a licensed attorney and, prior to his transition to investment banking in 2000, focused his practice on bankruptcy and insolvency matters. Mr. Victor received his B.A. from the University of Pennsylvania and his J.D. from the University of Miami School of Law.

9. Based on this experience, the Debtor believes that SSG is more than qualified to serve as its investment bankers and financial advisors.

10. To the best of the Debtor's knowledge, SSG does not have any connection with or interest adverse to the Debtor or parties in interest, except as may be set forth in the attached Declaration of Mr. Victor. SSG is a "disinterested person," as such term is defined in Section 101(14), as required under Section 327(a).

11. The Engagement Agreement provides that SSG is to be paid a Sale Fee[1] by the Buyer at closing of a sale of the Debtor's assets. If the Buyer is the Stalking Horse, the Sale Fee shall be $150,000. If the Buyer is not the Stalking Horse, the Sale Fee shall be $250,000.

12. Pursuant to Section 328(a), the Debtor, "with the court's approval, may employ . . . a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." The Debtor requests that the Court approve the fee structure set forth in Paragraph 11 above pursuant to Section 328(a). The Debtor believes that this fee structure is reasonable based on the customary compensation charged by comparably skilled professionals in other Chapter 11 cases.

13. Due to the nature of the services to be provided and the success-based nature of the proposed compensation, SSG will not file a separate fee application or maintain or provide detailed time records in connection with its employment by the Debtor. Rather, the Debtor respectfully requests that SSG's fee be approved as part of the Order approving its retention as well as in the proposed Sale Order.

---

[1] Terms not otherwise defined herein shall have the meaning set forth in the Debtor's Sale Motion and Bid Procedures Motion, which were filed with the Court on March 12, 2010.

851659_1

14. The Debtor believes that the retention and employment of SSG would be in the best interest of the Debtor, the Debtor's estate and parties-in-interest.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order (i) approving the retention of SSG as investment bankers and financial advisors pursuant to Sections 327(a) and 328(a); and (ii) approving the fee structure set forth in the Engagement Agreement pursuant to Section 328(a)..

Respectfully submitted,

Date: March 12, 2010

/s/ Jennifer L. Maleski
Lawrence G. McMichael
Peter C. Hughes
Jennifer L. Maleski
Dilworth Paxson LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Tel: (215) 575-7000

Attorneys for the Debtor

851659_1