IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(WILKES-BARRE)

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| LEHIGH COAL AND NAVIGATION COMPANY | : | Case No.: 08-51957-JJT |
| | : | |
| Debtor. | : | |

**MOTION FOR RECONSIDERATION OF ORDER (I) APPROVING PROCEDURES
FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (II)
SCHEDULING AN AUCTION; (III) APPROVING PROCEDURES FOR ASSUMPTION
AND ASSIGNMENT OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE;
AND (IV) APPROVING FORM OF NOTICE OF SALE**

Caterpillar Financial Services Corporation ("CAT Financial"), by and through its undersigned counsel, hereby files the within *Motion for Reconsideration of Order (i) approving procedures for the sale of substantially all of the Debtor's assets; (ii) scheduling an auction; (iii) approving procedures for the assumption and assignment of executory contracts and unexpired leases in connection with the sale; and (iv) approving the form of notice for the sale* (the "Bid Procedures Order"), and in support thereof respectfully represents as follows:

1. CAT Financial is a secured creditor of the Debtor with respect to purchase money financing extended pursuant to a May 15, 2008 Installment Sales Contract covering the purchase of a Caterpillar Model D11R Track Type Tractor (the "Tractor"). CAT Financial holds a first priority perfected purchase money security interest in the Tractor.

2. Pursuant to an August 11, 2009 Order, this Court authorized the Debtor to obtain post-petition financing pursuant to 11 U.S.C. § 364(d) to be secured by a superpriority lien on all

of the Debtor's pre-petition assets (the "DIP Order").[1] The superpriority lien is expressly limited to the amount of the post-petition financing and may not exceed $5,500,000. Nothing in the DIP Order permits a "roll-up" or cross-collateralization of the DIP-lenders' pre-petition lien with the post-petition priming lien.

3. The DIP Order contains two relevant findings with respect to pre-petition lienholders. First, that granting of post-petition liens will not impair the rights or interests of any pre-petition lienholder. Second, that the holders of pre-petition liens are being adequately protected. (*See DIP Order*, Docket #711, Subpara. I).

4. On March 26, 2010, CAT Financial filed a limited objection to the Debtor's motion for approval of the Bid Procedures to the extent such request sought Court approval of the proposed credit bid of BET Associates as the stalking horse bidder for the Purchased Assets. CAT Financial did not believe that the issues of whether BET Associates may credit bid for the Purchased Assets and the effects of such credit bid on other lienholders was before this Court in connection with consideration of the Bid Procedures.

5. On April 2, 2010, this Court entered the Bid Procedures Order together with an accompanying Opinion. In its Opinion, this Court ruled that BET Associates is permitted to pursue its credit bid for the Purchase Assets.

6. Neither the Bid Procedures Order nor this Court's Opinion, however, address the myriad of issues surrounding the request to credit bid by BET Associates or the effects of any such credit bid on other lienholders or upon priorities. For instance, the Bid Procedures Order does not address whether the credit bid of BET Associates will be <u>subject to</u> senior liens of other

---

[1] CAT Financial was not identified as a respondent with respect to the Debtor's motion for post-petition financing despite the fact that the relief requested purported to "prime" CAT Financial's senior lien on the Tractor.

lienholders such as CAT Financial or whether BET Associates will be required to compensate senior lienholders, such as CAT Financial, for the value of their liens if it is the successful bidder for the Purchased Assets. It is CAT Financial's position that these issues remain unresolved and are more appropriately determined in connection with the hearing on the Sale Motion scheduled for May 29, 2010.[2]

7. However, in an abundance of caution, CAT Financial files the within motion for reconsideration of the Bid Procedures Order seeking further clarification as to the scope of the Bid Procedures Order and the accompanying Opinion.

8. To the extent that the Bid Procedures Order can be construed as permitting BET Associates to credit bid a junior lien to "leapfrog" the senior lien of CAT Financial on the Tractor, the Bid Procedures Order should be vacate and the motion for approval of the Bid Procedures should be denied.

9. BET Associates' first lien, if any, is limited to $5,500,000 against a proposed purchase price of $14,836,299.[3] The balance of BET Associates' credit bid of consists of BET Associate's pre-petition claim of $9,336,299. The pre-petition claim is <u>subordinate</u> to CAT Financial's purchase money lien on the Tractor. Hence, if BET Associates intends use its pre-petition third lien as part of its credit bid, (a) the sale must be <u>subject to</u> the lien of CAT Financial in the Tractor or (b) BET Associates should be required to compensate CAT Financial for the value of its lien.

---

[2] Among other reasons, there is no guaranty that BET Associates will be the successful bidder for the Purchased Assets therefore obviating the need for such matters to be heard.

[3] Because the DIP Order expressly found that the interests of CAT Financial may not be impaired and that CAT Financial is adequately protected, CAT Financial asserts that it remains the first lienholder on the Tractor and the DIP Order did not operate to prime CAT Financial.

3

Case 5:08-bk-51957-JJT    Doc 1043    Filed 04/22/10    Entered 04/22/10 16:23:56    Desc
Main Document    Page 3 of 4

10. A contrary result would effectively allow BET Associates to divest the second lien of CAT Financial in the Tractor from a <u>subordinate</u> lien position. CAT Financial is aware of no authority which would permit a junior lienholder to divest a senior lien. In addition, such a result would obliterate the terms of the DIP Financing Order, wherein this Court expressly found that nothing in the DIP Financing Order shall impair the holders of pre-petition liens and further that the holders of pre-petition liens are adequately protected.

WHEREFORE, based on the foregoing, CAT Financial respectfully requests that the Bid Procedure Order be denied and/or modified consistent with the objects set forth herein.

Dated: April 22, 2010　　　　　　　　BUCHANAN INGERSOLL & ROONEY P.C.

By: /s/ Mark D. Pfeiffer
Mark D. Pfeiffer, Esquire
PA ID No. 76245
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
Phone: (215) 665-3921
Facsimile: (215) 665-8760
E-mail: mark.pfeiffer@bipc.com

*Attorneys for Caterpillar Financial Services Corporation*